# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 23, 2026

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

**FILED BY____JG____D.C.**

**Mar 23, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number:  25-12407-JJ
Case Style: Benjamin Boe v. Julian Garcia, et al
District Court Docket No: 4:24-cv-10057-KMM

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12407
_____

BENJAMIN BOE,

*Plaintiff-Appellant,*

*versus*

OFFICER JULIAN GARCIA,
  Islamorada Police Department,
DEPUTY WARDELL HANNA,
  Monroe County Sheriff's Office,
SGT. EDWARDS ASKINS,
  Islamorada Police Department,
RECORDS SUPERVISOR BRITTANY BROWN,
  Monroe County Sheriff Office,
UNKNOWN OFFICER,
  FOIA Officer/Records Cloerk at,
  Islamorada Police Department, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:24-cv-10057-KMM
_____

2                                                                                          25-12407

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 19, 2026

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: March 23, 2026

**NOT FOR PUBLICATION**

## In the

## United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-12407

Non-Argument Calendar

_____

BENJAMIN BOE,

*Plaintiff-Appellant,*

*versus*

OFFICER JULIAN GARCIA,

   Islamorada Police Department,

DEPUTY WARDELL HANNA,

   Monroe County Sheriff's Office,

SGT. EDWARDS ASKINS,

   Islamorada Police Department,

RECORDS SUPERVISOR BRITTANY BROWN,

   Monroe County Sheriff Office,

UNKNOWN OFFICER,

   FOIA Officer/Records Clerk at,
   Islamorada Police Department, et al.,

*Defendants-Appellees.*

2                    Opinion of the Court                    25-12407

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:24-cv-10057-KMM

———————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Benjamin Boe appeals pro se from the district court's order denying him leave to use a pseudonym in his complaint filed under 42 U.S.C. § 1983. Boe argues that the district court abused its discretion in denying his request to proceed under a pseudonym because his allegations showed a risk of retaliation. He further argues that the district court erred in (1) threatening to dismiss his case with prejudice and (2) denying his motion for counsel as moot. Finally, he requests that we reassign the case due to a discrepancy between the magistrate judge's recommendation and the district court's holding. We determine that the district court did not abuse its discretion, did not err in threatening to dismiss his complaint with prejudice, and did not err in denying Boe's motion for counsel as moot. We also reject his request for reassignment. We discuss these issues below.

We start with Boe's argument that the district court erred in denying leave to proceed under a pseudonym. We review the court's ruling for abuse of discretion. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246 (11th Cir. 2020).

Generally, pleading in federal court must name all the parties. Fed. R. Civ. P. 10(a). But, under certain, highly limited

circumstances, we allow plaintiffs to proceed pseudonymously. Indeed, we have held that "parties may use fictitious name[s] only in exceptional case[s]." *Chiquita Brands*, 965 F.3d at 1247 (citation modified). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citation modified).

To decide whether privacy trumps publicity, a court must first consider "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Chiquita Brands*, 965 F.3d at 1247; *see also Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). A court must then "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Chiquita Brands*, 965 F.3d at 1247 (citation modified). "Other factors to consider include whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity" and whether anonymity "poses a unique threat of fundamental unfairness to the defendant." *Id.*

In *Stegall*, the old Fifth Circuit held that a mother and her children were entitled to anonymity in their challenge to the

constitutionality of prayer and Bible study in public schools. 653 F.2d at 181. It noted that "in only a very few cases challenging governmental activity can anonymity be justified" and held that the plaintiffs showed they must disclose intimate information which could lead to harassment and violence against them by a "community hostile to [their] viewpoint[.]" *Id.* at 186. In granting the plaintiffs' request for anonymity, the Court also held that the plaintiffs' status as children gave them "special vulnerability." *Id.*

In *Frank*, however, this Court held that a United States Postal Service employee was not entitled to anonymity in his wrongful termination suit against the Postal Service, noting that the fact that the employee was suing a government agency did not necessarily give "more reason to grant a plaintiff's request for anonymity." 951 F.2d at 324. In holding that the plaintiff's personal embarrassment about his alcoholism did not amount to intimate information or an intent to engage in illegal conduct, this Court distinguished the plaintiff's case from those involving mental illness, homosexuality, and transsexuality, for which the social stigma was enough to overcome the presumption of openness in court proceedings. *Id.*

More recently, in *Chiquita Brands*, we held that plaintiffs suing Chiquita for financing a paramilitary group in Colombia did not require anonymity. 965 F.3d at 1248. We explained that "hundreds of plaintiffs have litigated this case under their true names" and there was no evidence that the plaintiffs faced any reasonable risk of retaliation. *Id.*

25-12407                    Opinion of the Court                         5

The rarity of permitting parties to proceed under a pseudonym aligns with a district court's "inherent authority to manage its own docket." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted). This inherent authority ensures that district courts can enforce their own orders and efficiently dispose of litigation. *Id.* And pro se litigants like Mr. Boe are still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Although dismissal is an "extraordinary remedy," dismissal for failure to obey a court order is not an abuse of discretion when the litigant has been forewarned. *Id.*

We cannot say, then, that the district court abused its discretion when it denied Boe's motion to proceed under a pseudonym. It is true that Boe challenges government activity, but this alone does not weigh in favor of granting anonymity. *Frank*, 951 F.2d at 324; *Stegall*, 653 F.2d at 186. And he does not meet any of the other factors that would warrant anonymity or pseudonymity. He is an adult, and, outside of vague concerns, he does not show that there is any reasonable "real threat of physical harm absent anonymity." *Chiquita Brands*, 965 F.3d at 1247. Further, if he proceeded under his real name, Boe would not be required to disclose intimate information or criminal activity. *Frank*, 951 F.2d at 324. Finally, the defendants in this section 1983 claim would be unable to respond to Boe's allegations without knowledge of his identity. *Chiquita Brands*, 965 F.3d at 1247. As such, and considering the totality of the circumstances, we cannot

6                    Opinion of the Court                    25-12407

say that this is an exceptional case in which his privacy outweighs judicial openness.

We now turn to Boe's argument that the court erred in threatening to dismiss his complaint with prejudice. When the court dismissed his pseudonymous complaint without prejudice, it also stated that Boe could refile an amended complaint under his own name by a certain date. The court stressed that, if Boe did not file an amended complaint by that date, this failure would result in dismissal with prejudice. Boe argues that this was in error.

We disagree. Dismissal, with or without prejudice, was clearly within the court's discretion, as the court has the "inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props.*, 556 F.3d at 1240 (citation modified). The court also warned Boe of the consequences of disregarding its order. Though "dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837 (citation modified). Boe has not provided us with any reason to think this general rule inapplicable here.

Now for Boe's mootness argument. When the court dismissed Boe's pseudonymous complaint, the court also denied his other motions as moot. Boe argues that this, too, was in error. He particularly argues that dismissal of his motion for counsel was a reversible error.

Again, we disagree. Mootness occurs when a court can no longer give meaningful relief. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1220 (11th Cir. 2016). Once the court dismissed Boe's complaint, it could no longer give the relief he requested in his motions because there was no pending case. As a result, they were moot.

Finally, we reject Boe's request for reassignment. "Reassignment is an extraordinary order, and we do not order it lightly." *Sovereign Mil. Hospitaller Ord. of Saint John v. Fla. Priory of the Knights Hospitallers*, 809 F.3d 1171, 1194 (11th Cir. 2015) (citation modified). We do so only in cases (1) in which the district court displayed bias or prejudice or (2) in which "reassignment is appropriate to preserve the appearance of justice." *United States v. Torkington*, 874 F.2d 1441, 1447 (11th Cir. 1989). Boe provides no argument, except for a discrepancy between the magistrate judge's recommendation and the district court's ruling, that those limited circumstances are present here. Further, in light of the court's dismissal with prejudice—which we affirm—there is no case to reassign.

For the foregoing reasons, the district court's order is **AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 19, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  25-12407-JJ
Case Style:  Benjamin Boe v. Julian Garcia, et al
District Court Docket No:  4:24-cv-10057-KMM

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion